**UNITED STATES of America,**
Plaintiff—Appellee,

v.

**Juan Antonio CHAVEZ–REGALADO,**
Defendant—Appellant.

No. 03–10522.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted June 18, 2004.

Decided Aug. 19, 2005.

Thomas E. Flynn, AUSA, USSAC—Office of the U.S. Attorney, Sacramento, CA, William L. Sims, Marianne A. Pansa, Esq., USF—Office of the U.S. Attorney, Fresno, CA, for Plaintiff–Appellee.

W. Scott Quinlan, Esq., Law Offices of W. Scott Quinlan, Fresno, CA, for Defendant–Appellant.

Before: LAY,* HAWKINS, and BYBEE, Circuit Judges.

### MEMORANDUM **

The defendant was charged with being a previously deported alien found in the United States without permission of the Attorney General. *See* 8 U.S.C. § 1326.

---

\* The Honorable Donald P. Lay, Senior United States Circuit Judge for the Eighth Circuit, sitting by designation.

\*\* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

The defendant now appeals the district court's denial of his motion to dismiss his indictment by collaterally attacking his underlying deportation order. We hold that the defendant was not improperly deprived of the opportunity for judicial review and the entry of his underlying deportation order was not fundamentally unfair. *See* 8 U.S.C. § 1326(d)(2)-(3). We affirm the district court.

■ Despite any Immigration and Naturalization Service (INS) records to the contrary, the defendant was well-aware that he had not received the Notice of Hearing in Spanish and could have moved to reopen his deportation proceedings on this basis. The erroneous record entries did not deny the defendant the ability to litigate the failure of the INS to follow its own procedures or to make a record for appellate review of the issue. Hence, the defendant has not demonstrated that he was deprived of the opportunity for judicial review. *Cf. United States v. Pallares-Galan*, 359 F.3d 1088, 1096 (9th Cir.2004).

■ Neither was the entry of the defendant's deportation order fundamentally unfair. It is not reasonable that the defendant mistook the "14 day" language embedded in the middle of the second paragraph of the Notice of Hearing—without month, year, or time listed anywhere near it—for the date of his continued deportation hearing. The date and time for the hearing were written in a prominent place on the form in large characters. The Immigration Judge (IJ) twice recited to the defendant (both times translated into Spanish), the date and time of his continued hearing, and the defendant affirmatively responded that he understood. Further, whether or not the IJ informed the defendant of the consequences of not appearing, the defendant declared in accordance with his Motion to Reopen that he "understood perfectly how important these proceedings were." On this record, we cannot find that the defendant's order of deportation in absentia was fundamentally unfair.

The district court sentenced the defendant properly under the mandatory United States Sentencing Guidelines in 2003. He argued in his petition for rehearing that he must be resentenced because the district court enhanced his sentence based on facts found by a judge, not a jury, in violation of *Blakely v. Washington*, 542 U.S. 296, 124 S.Ct. 2531, 159 L.Ed.2d 403 (2004). He also requested relief under the discretionary sentencing guidelines pursuant to the Supreme Court's resolution of *United States v. Booker*, —— U.S. ——, 125 S.Ct. 738, 160 L.Ed.2d 621 (2005). We deferred a decision on his petition for rehearing until this Circuit's decision in *United States v. Ameline*, 409 F.3d 1073 (9th Cir. 2005) (en banc). Consistent with this Circuit's approach post-*Booker*, we agree that the district court should determine whether "the sentence imposed would have differed materially if the district court judge were applying the Guidelines as advisory rather than mandatory...." *Ameline*, 409 F.3d at 1085. The defendant is not entitled to collaterally attack the validity of his deportation pursuant to 8 U.S.C. § 1326(d), and is therefore not entitled to dismissal of his indictment on this basis. The judgment of the district court is affirmed; the sentence is remanded for further proceedings pursuant to *Ameline*, 409 F.3d at 1085.

**AFFIRMED in part and REMANDED.**